# In the United States Court of Federal Claims

No. 25-1897
(Filed: August 26, 2026)
(NOT FOR PUBLICATION)

* * * * * * * * * * * * * * * * * * *

**DEANNA K. YATES,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.

* * * * * * * * * * * * * * * * * * *

*Deanna K. Yates*, *pro se*, of Valley Springs, CA.

*Elinor Joung Kim*, Trial Attorney, *with whom was William George Kanellis*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, both of Washington, D.C., for Defendant.

**MEMORANDUM OPINION AND ORDER**

**SOMERS**, Judge.

Plaintiff Deanna Yates, proceeding *pro se*, filed suit in this Court alleging "a breach of contract with the [United States] Treasury" ("Treasury") and "unfair and deceptive trade practices" by various defendants. ECF No. 1 at 6–8 (footnote omitted). As explained below, throughout her complaint, Plaintiff references statutes, constitutional provisions, and other sources of law that are not compensable under the Tucker Act and, therefore, are beyond this Court's subject matter jurisdiction. Furthermore, the actions of private individuals alleged in Plaintiff's complaint also sit outside this Court's jurisdictional grant, as the Court's jurisdiction extends only to claims against the United States. In response to Plaintiff's complaint, the government filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") or, alternatively, for failure to state a claim under RCFC 12(b)(6). For the reasons discussed below, the Court lacks subject matter jurisdiction over Plaintiff's claims; accordingly, the government's motion to dismiss is granted. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## BACKGROUND

In her complaint, Plaintiff alleges, *inter alia*, that her First, Sixth, and Eighth Amendment rights have been violated. ECF No. 1-2 at 3 (listing "Cruel and Unusual Punishment, Violation of [the] Right to Speedy Trial, [and] Violation [of the] Right [of the] Freedom of Speech"). Plaintiff also alleges that defendants, which include various judicial officers, clerks, and judges based in California, have engaged in "unfair and deceptive trade practices" and the "unlawful restraint of trade" and imposed an "unlawful or improper lien" on Plaintiff. *Id.* at 2–3; ECF No. 1 at 6–7. Plaintiff additionally alleges a breach of contract by the Treasury. ECF No. 1 at 8 ("Said nonfeasance is a breach of contract with the U.S. Treasury . . . ." (footnote omitted)).

Plaintiff's claims appear to stem from a contract with the Treasury for "financial instrument processing," bonds, and insurance. *Id.* at 2. From what the Court can surmise, the contract involved Plaintiff, who is allegedly a contractor under 41 U.S.C. § 7101(6)(B) and (7), tendering "GSA-Form Bonds" to defendants "to process and perform discharge/payment for the outstanding commercial paper liability." *Id.* at 2, 7. Plaintiff states that the alleged breach arises from the defendants' failure to (1) process the bonds through the "Treasury Tax and Loan [] computer portal" under 31 C.F.R. §§ 203.1–203.21, and (2) "perform discharge of the commercial paper liability in accord with their known legal duty." *Id.* at 7–8 (footnote omitted). Essentially, Plaintiff argues that by tendering GSA-Form Bonds to defendants, she has discharged her liability under the alleged contract with the Treasury. Due to defendants' failures, Plaintiff "remains in bondage unable to operate financially due to said outstanding commercial paper liability" and has experienced "damage to [her] credit rating." *Id.* at 8. In support of her claims and the discharge of her debt, Plaintiff attaches the affidavit of Sir Gary Lee, *see generally* ECF No. 1-1, and various exhibits, including the purported contract with the Treasury (which, notably, is signed only by Plaintiff), ECF No. 1-2 at 23–40, a screenshot of a Treasury Direct Account, *id.* at 41–42, various "Affidavit[s] of Notice [of Discharge]," *see, e.g.*, *id.* at 84–90, copies of the discharged bonds, *see, e.g.*, *id.* at 150, and her "Accounting Statement Amount Claimed," *id.* at 1–4. Also attached to the complaint are Uniform Commercial Code (UCC) financial statements, copies of court proceedings before the U.S. District Court for the Eastern District of California, and other documentation supporting the existence of an agreement discharging Plaintiff's liabilities (e.g., proof of birth certificate, proof of deposit, proof of banking agreement). *See generally id.* Because of defendants' actions, Plaintiff requests the following relief: (1) that her contract with the Treasury "be honored, processed, and acknowledged[;]" (2) "have the commercial paper liability(ies) discharged;" (3) "[p]rovide plaintiff a full final accounting, a 1099, a 'zero balance due' document if d/b/a defendant is a Clerk of Court in a Court[;]" (4) "[o]rder defendant to pay over to plaintiff amount stated in the Accounting Statement Amount Claimed;" (5) "[p]lace the 'd/b/a defendants' on probation[;]" and (6) "release plaintiff from all commercial liability(ies) at issue." ECF No. 1 at 9 (emphases omitted).

In response to Plaintiff's complaint, the government filed a motion to dismiss under RCFC 12(b)(1) for lack of subject matter jurisdiction and RCFC 12(b)(6) for failure to state a claim. ECF No. 10. In its motion, the government makes numerous arguments as to why Plaintiff's claims should be dismissed under RCFC 12(b)(1). *See generally id.* First, the government argues that Plaintiff's claims against private individuals and entities as well as state

and local entities and employees should be dismissed because this Court may only hear claims against the federal government. *Id.* at 4–5. Second, the government points out that any of Plaintiff's claims that challenge a decision by another court fall outside of this Court's jurisdiction. *Id.* at 5. Finally, the government asserts that Plaintiff does not identify a cause of action or any money-mandating statute over which this Court may exercise jurisdiction; rather, Plaintiff makes statutory, tort, and constitutional claims that the Court may not hear. *Id.* at 5–6. Moreover, the government contends that Plaintiff's remaining claims against the United States, specifically those against the Treasury, fail to state a claim because Plaintiff "fails to allege the existence of a contract with the United States, much less a breach." *Id.* at 7.

On March 2, 2026, Plaintiff filed a response to the government's motion to dismiss and moved to strike the government's motion. ECF No. 11. Therein, Plaintiff reasserts that a contract with the Treasury exists because Plaintiff presented "GSA-Form bonds . . . through Global Solutions Limited Company (UK)" for defendants to "perform discharge of the commercial paper liabilities in relation to defendant[s'] 'fiscal agents of the United States.'" *Id.* at 9 (emphasis omitted). Essentially, Plaintiff argues that because she made a deposit into a Treasury account, she has made a trust agreement with the government that discharged her liabilities under the contract with the Treasury. *See id.* at 3–5; *see also* ECF No. 13 at 2. In support, Plaintiff points to various "maxims of law," "Exhibit 1" attached to her complaint, and "ample evidence of Terms and Conditions as the United States Code is one of, if not the, largest trust indenture (Trust Contract) on the planet." ECF No. 11 at 12–13. Furthermore, Plaintiff requests that the Court strike the government's motion to dismiss and states that counsel for the government "should be disbarred" for filing the motion because it is "filled with half-truths and false presumptions." *Id.* at 2.

On March 16, 2026, the government filed a reply in support of its motion. ECF No. 13. Therein, the government reiterates that Plaintiff has failed to plausibly allege any contract with the United States, much less "facts alleging a breach of contract action over which this Court has jurisdiction." *Id.* at 2. Specifically, Plaintiff does not "establish the existence of an express or implied-in-fact contract with the United States[,]" and there is no indication that the alleged contract with the Treasury "was executed by an authorized agent of the United States." *Id.* at 2–3 (citations omitted). The government also notes that Plaintiff "articulates no authority under which the Court may strike the motion to dismiss." *Id.* at 4.

## DISCUSSION

### A. Legal Standard

The Court must dismiss any claim that does not fall within its subject matter jurisdiction. *See* RCFC 12(h)(3). In considering a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all factual allegations made by the non-moving party and draw all logical inferences in the light most favorable to that party. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although the Court holds a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl.

249, 253 (2007) (citations omitted). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This Court, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, the Court of Federal Claims may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id.* Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 217 (1983) (citing *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

Even if a plaintiff establishes subject matter jurisdiction, the Court must nonetheless dismiss the claim under RCFC 12(b)(6) if a plaintiff fails to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Therefore, a complaint lacking sufficient well-pled facts to "establish all elements of the cause of action" must be dismissed for failure "to state a claim on which relief can be granted." *Fisher v. United States*, 402 F.3d 1167, 1175–76 (Fed. Cir. 2005) (en banc).

## B. Analysis

Plaintiff's complaint fails to establish subject matter jurisdiction and must be dismissed. *See* RCFC 12(h)(3). Plaintiff's complaint alleges claims against and seeks compensation from parties other than the United States. ECF No. 1 at 1 (including judges, clerks, and attorneys based in California in the case caption); *id.* at 4–6 (listing these individuals as defendants). As the government points out, this Court "only has jurisdiction over claims against the Federal Government[;]" thus, the Court must dismiss all of Plaintiff's claims against private parties, including state government employees. ECF No. 10 at 4 (citing 28 U.S.C. § 1491); *see Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." (emphasis in original)).

Furthermore, this Court's jurisdiction only extends to claims arising from money-mandating sources of law. 28 U.S.C. § 1491(a)(1). This excludes claims based on antitrust and tort law, as well as under any non-money mandating statute. *Akinro v. United States*, 91 Fed. Cl. 650, 655 (2010) (no jurisdiction over claims under the Sherman Act); *Ross v. United States*, 122

Fed. Cl. 343, 346–47 (2015) (stating that the Tucker Act grants jurisdiction for money claims "not sounding in tort" (quoting 28 U.S.C. § 1491(a)(1))). The Court's jurisdiction also does not extend to Plaintiff's claims under the First, Sixth, and Eighth Amendments, as these provisions have routinely been held not to be money-mandating. *Kenyon v. United States*, 683 F. App'x 945, 948 (Fed. Cir. 2017) (holding that the Court "lacks jurisdiction over claims based on the Fourth, Sixth, and Eighth Amendments, as well as the Due Process clauses of the Fifth and Fourteenth Amendments because they are not 'money-mandating'" (footnote omitted)); *Hufford v. United States*, 87 Fed. Cl. 696, 705 (2009) (no jurisdiction over claims arising under the First Amendment). Accordingly, Plaintiff's numerous claims under these sources of law must be dismissed for want of subject matter jurisdiction.[1]

Although, consistent with the complaint's caption and the descriptions of the parties in the complaint, Plaintiff asserts claims exclusively against private individuals, *see* ECF No. 1 at 1, 4–6, to the extent that Plaintiff does assert claims against the United States, these claims must nevertheless be dismissed. As for Plaintiff's claims based on an alleged contract with the Treasury, *id.* at 8, while "this Court has 'jurisdiction over express and implied-in-fact contract claims against the United States,' it lacks jurisdiction over such claims where the plaintiff fails to plausibly allege such a contract," ECF No. 13 at 2 (quoting *Stephens v. United States*, 165 Fed. Cl. 341, 347 (2023)); *see Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) ("Determination of [this Court's] jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim."). Merely stating "[c]onclusory allegations of law and unwarranted inferences of fact" does not suffice to support a claim. *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998).

Here, Plaintiff fails to plausibly allege facts to support a breach of contract. To begin, Plaintiff does not plausibly allege facts that would support the existence of a valid contract with the United States. As the government correctly notes in its motion, the purported contract that Plaintiff points to—titled "Affidavit of Public Notice"—while signed by Plaintiff, is not signed by an authorized government agent. ECF No. 10 at 7 (citing *Suess v. United States*, 535 F.3d 1348, 1359 (Fed. Cir. 2008) (establishing government consent as a necessary part of a breach of contract claim against the United States)); *see* ECF No. 1-2 at 23–40 (alleged contract with the U.S. Treasury). Nor is it signed by any of the listed defendants, who Plaintiff alleges "failed to perform discharge" and thereby caused a breach. ECF No. 1 at 8. While Plaintiff also does not,

---

[1] In her response to the government's motion, Plaintiff cites numerous statutes and regulations not mentioned in her complaint to support her claim. *See, e.g.*, ECF No. 11 at 3–10 (citing, *inter alia*, 31 C.F.R. § 363.6 (TreasuryDirect definitions); the Debtors' Prison Relief Act; 31 U.S.C. 5118(d)(2) (Gold clauses and consent to sue); and Bureau of Alcohol, Tobacco, and Firearms regulation 27 C.F.R. § 72.11 (definitions)); *id.* at 16–17 (citing various statues and regulations related to "discharge"); *see* ECF No. 11-1 at 7 (citing the Federal Reserve Act; 12 U.S.C. § 266 (State-charted banks)). Besides the fact that any claim for relief under these statutes and regulations is waived, *see Kimble v. United States*, 991 F.3d 1238, 1244 (Fed. Cir. 2021) ("[D]istinct claims are waived if not pled in a complaint." (citing *Casa de Cambio Comdiv S.A., de C.V. v. United States*, 291 F.3d 1356, 1366 (Fed. Cir. 2002))), none of these sources of law are money-mandating. To the extent that Plaintiff raises claims under these sources, the Court does not have jurisdiction over them and therefore must dismiss them.

among other things, "identify the substantive provisions of the contract" on which she relies, the lack of plausible allegations that the Treasury is bound by Plaintiff's alleged contract alone renders her claim dismissible. RCFC 9(k). And even if Plaintiff alleged the existence of a valid contract, Plaintiff fails to plausibly allege that the claimed breach is by the United States. Nowhere in her complaint (or her response to the government's motion to dismiss for that matter) does Plaintiff allege that the Treasury itself breached any contract. Rather, Plaintiff states that the named private individuals' "nonfeasance is a breach of contract with the U.S. Treasury." ECF No. 1 at 8 (footnote omitted). Accordingly, this Court lacks jurisdiction over Plaintiff's breach of contract claim.

Furthermore, to the extent that Plaintiff asserts claims against the United States, they would also be extinguished by RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. To reiterate, Plaintiff characterizes her claims as arising under a contract with the Treasury. *See* ECF No. 1 at 8; ECF No. 1-2 at 23–40. However, as explained above, Plaintiff's complaint lacks the requisite factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Because Plaintiff does not otherwise allege unlawful action by the United States, she does not plead a breach or any other claim upon which relief may be granted. Therefore, for all the reasons above, the Court has no choice but to dismiss her claims.

Finally, the Court denies Plaintiff's motion to strike the government's motion to dismiss as frivolous and disregards Plaintiff's statement that counsel for the government "should be disbarred for making false statements in light of the evidence presented." ECF No. 11 at 2. Plaintiff does not articulate a legally valid basis for either request; accordingly, Plaintiff's motion to strike is denied. *See Fisherman's Harvest, Inc. v. United States*, 74 Fed. Cl. 681, 690 (2006) ("Courts view motions to strike with disfavor and rarely grant them."); *Waltner v. United States*, 98 Fed. Cl. 737, 766 (2011), *aff'd*, 679 F.3d 1329 (Fed. Cir. 2012) ("[A] motion to strike may not be used to strike another motion."); *see also* RCFC 83.2(c) (Grounds for Discipline).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. Furthermore, Plaintiff's request to strike the government's motion to dismiss is **DENIED**. The Clerk **SHALL** enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge